IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CT-3165-F

| | |
|---|---|
| JOSEPH MICHAEL GRIFFITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALVIN KELLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On September 6, 2011, Joseph Michael Griffith, ("Griffith" or "plaintiff"), an inmate in the custody of the State of North Carolina currently incarcerated at Bertie Correctional Institution, filed this action under 42 U.S.C. § 1983 against Alvin Keller, the Secretary of the North Carolina Department of Corrections, Renoice Stancil, Administrator of Bertie Correctional Institution, North Carolina Prisoner Legal Services, Inc. ("NCPLS"), Sidney Harkleroad, Administrator of Marion Correctional Institution, and Mary S. Pollard, Executive Director of NCPLS. On January 13, 2012, after conducting an initial frivolity review of the complaint, the court entered an order [D.E. # 5] dismissing petitioner's claims against Pollard and NCPLS and further instructing petitioner to file an amended complaint which conforms with Rule 8(a) of the Federal Rules of Civil Procedure. On January 26, 2012, plaintiff filed a motion for appointment of counsel [D.E. # 6] and a motion for extension of time in which to file the amended complaint. On January 27, 2012, the court entered an order granting the motion for extension of time and allowing plaintiff until March 2, 2012, to file the amended complaint. On March 5, 2012, petitioner mailed to the court a "Motion for Oral Hearing" [D.E. # 9] in which he requests that the court set a hearing "to correct, fix, amend his

complaint and to offer evidence of why his motion for appointment of counsel should be approved." In short, plaintiff contends that he is handicapped due to "bilateral carpal tunnel syndrome," and the court's order that he amend his complaint requires him to undertake the "extremely painful" and "difficult" task of writing.

Petitioner is not entitled to an oral hearing for the purposes of amending his complaint. The rules of civil procedure do not provide for any such "oral" amendment to a complaint. "There is one form of action–the civil complaint." Fed. R. Civ. P. 2. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The rules' requirement of a single form of action consisting of a filed written complaint ensures uniformity in the administration of justice as well as protects the right of opposing litigants to be able to clearly discern and answer the allegations against them. This is perhaps the most fundamental of all requirements found in the civil rules. Thus, while the court does not discount petitioner's claim that writing can cause him discomfort, the court simply cannot excuse the rules' requirement of a written complaint. Moreover, it is apparent that, whatever the limiting effects of plaintiff's condition, he has succeeded in writing numerous pleadings and administrative grievances. The original complaint consists of eleven pages bearing plaintiff's handwritten text and dozens of pages of exhibits of plaintiff's many grievances, many also bearing his handwriting. The three motions plaintiff has filed since the court ordered him to amend his complaint total an additional eight pages of handwritten text.

Furthermore, in addition to summarily dismissing several of plaintiff's original allegations, the court has provided him with considerable guidance in how to determine which of his remaining allegations might form the basis of a well-pleaded claim, as well as how to more efficiently state those claims. Thus, the court reasonably expects that plaintiff's amended complaint will be

2

significantly shorter than his original eleven-page complaint and should therefore not impose upon plaintiff any undue hardship. Because plaintiff is yet to file a well-pleaded complaint which satisfies the rules of civil procedure and permits this court to discharge its screening obligations under 28 U.S.C. § 1915(e), as he must do before he may proceed with this action, he is not entitled to an oral hearing to address the concerns described in the court's order of January 13, 2012.

Petitioner also is not entitled to the appointment of counsel at this time. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant. 739 F.2d at 163 (quotation omitted). Plaintiff is not entitled to the appointment of counsel so that he can file a complaint, and he has already exhibited the ability to file a complaint in this and other courts. Moreover, because plaintiff has not even filed a well-pleaded complaint which complies with the rules of civil procedure and permits this court to discharge its required screening obligation, the facts of this case do not present exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, plaintiff's motion to appoint counsel [D.E. # 6] and motion for oral hearing [D.E. # 9] are DENIED. Plaintiff shall file his amended complaint, as originally instructed by this court on January 13, 2012, within twenty (20) days from the date of this order. The court will resume its mandated frivolity review upon timely receipt of the amended complaint. Plaintiff's failure to file the amended complaint as instructed will result in the dismissal of this action for

failure to prosecute and abandonment of claims. No further extensions will be allowed.

SO ORDERED. This the 26 day of March, 2012.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge

4